UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARTI HOSPITALITY, LLC,
d/b/a HILTON GARDEN INN,
et al.

       Plaintiffs,                  Case No. 2:06-cv-886
                                   JUDGE GREGORY L. FROST
    v.                            Magistrate Judge Mark R. Abel

CITY OF GROVE CITY, OHIO,
et al.

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Grove City's motion to dismiss (Doc. # 34), Plaintiffs' memorandum in opposition (Doc. # 43), and Defendant Grove City's reply memorandum (Doc. # 44). For the reasons that follow, this Court finds the motion not well taken.

### I. Background

Plaintiffs are a assembly of corporate entities doing business as various hotels and lodging establishments in and around Grove City, Ohio that have taken issue with Defendant Grove City's 2003 amendment of a 1986 ordinance that purported to expand the boundaries of a community reinvestment area ("CRA"). This CRA allowed Defendant Drury Inn to enjoy a 15-year tax abatement related to the construction of a new hotel on property purchased from Defendant Bob Evans, which also received an abatement for the construction of a new restaurant. Asserting that they are at a competitive disadvantage, Plaintiffs contend that they are

unable to take advantage of the abatement unless they undertake remodeling or construct new improvements upon their properties.

Plaintiffs therefore filed an action against the previously identified defendants, as well as other defendants, in the Franklin County Court of Common Pleas on September 27, 2006. (Doc. # 2-3.) The majority of the defendants subsequently joined in the removal of the action to this Court on October 20, 2006. (Doc. # 2-1.)

On December 6, 2006, Plaintiffs filed a motion for leave to file an amended complaint. (Doc. # 29.) Plaintiffs sought to add new claims against Grove City arising from the alleged violation of the following Ohio statutes: Ohio Rev. Code § 3735.66, which outlines procedural and filing requirements involved in the creation of CRAs (Count Five); Ohio Rev. Code § 149 et seq., the Ohio Public Records Act, and Ohio Rev. Code §§ 121 et seq. and 149 et seq., setting forth the Ohio Records Retention Schedule (Count Thirteen); and Ohio Rev. Code § 121 et seq., the Ohio Open Meetings Act (Count Fourteen). Grove City filed a memorandum in opposition to the motion to amend. (Doc. # 34.)

In a December 28, 2006 Order, the Magistrate Judge granted the motion to amend. (Doc. # 35.) On January 4, 2007, however, the Magistrate Judge held a preliminary pretrial conference in which he took the unusual step of converting Grove City's prior memorandum in opposition into a motion to dismiss. (Doc. # 38, at 4.) The parties have completed briefing on this motion to dismiss, and the converted motion is now ripe for adjudication.

## II. Standard Involved

Grove City moves to dismiss Plaintiffs' amendments pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997)). The focus is not on whether Plaintiffs will ultimately prevail, but rather on whether they have offered " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).

In making such a determination, the Court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). The Court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003). The Court may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

## III. Discussion

### A. Failure to Comply with Filing and Procedural Requirements

In Count Five of the amended complaint, Plaintiffs assert that the 2003 Ordinance is void because Grove City failed to comply with Ohio Rev. Code § 3735.66 and "other [Ohio

Department of Development] filing and procedural requirements." (Doc # 36-1 ¶ 119.) Grove City moves to strike this count on the grounds that because § 3735.66 does not provide for a private cause of action, this Court cannot grant relief for a violation of that statute. The city also posits that the claim is redundant because Plaintiffs already assert in other counts that the 2003 Ordinance and by extension the CRA amendment are invalid.

Grove City is correct that the plain language of Ohio Rev. Code § 3735.66 does not expressly provide for a private cause of action for a violation of that statute. Nor does the statute implicitly create a private cause of action.

In addressing whether a plaintiff could use a state criminal statute as the basis for a private civil cause of action, another judge in this District explained:

> Where it is not apparent that the legislature intended to create a cause of action by enacting a statute, no private civil cause of action shall exist. *See Student Gov't Ass'n of Wilberforce Univ. v. Wilberforce Univ.,* 578 F. Supp. 935, 941 (S.D. Ohio 1983) ("[T]he Court may not find that a private right of action exists simply because permitting private enforcement of a particular statute would not be inconsistent with, or in fact, advance the purpose of the legislative scheme....") (citing *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575, 99 S. Ct. 2479, 61 L.Ed.2d 82 (1979)); *see also Biomedical Innovations, Inc.,* 103 Ohio App. 3d at 126, 658 N.E.2d at 1086 (finding that Ohio criminal charges are brought by and on behalf of the State of Ohio and its political subdivisions, not by or on behalf of an individual).

*Culberson v. Doan*, 125 F. Supp. 2d 252, 280 (S.D. Ohio 2000). The criminal nature of the statute involved in *Culberson* is immaterial to the point being made, and this Court agrees with such analogous reasoning. Having reviewed § 3735.66, this Court concludes the statute does not afford Plaintiffs a distinct private cause of action for violation of that statute. Ohio's General Assembly has evinced the willingness and the ability to express clearly its intent to provide for

private causes of action for select statutes contained the Ohio Revised Code.  *See* Ohio Rev. Code §§ 2923.32, 2923.34(B) (providing for private cause of action based on violation of state RICO statute).  The state legislature has not expressed such an intent in regard to the statute at issue here.  Additionally, this Court's research has uncovered no state or federal case recognizing that any such private cause of action exits under § 3735.66, and Plaintiffs have not directed this Court to any such authority.

But although there is no basis for reading § 3735.66 to present a private cause of action, there is considerable doubt for accepting Grove City's proposition that Plaintiffs are attempting to employ the statute in such a way.  Plaintiffs avoid the term "private cause of action" in their memorandum in opposition and instead state that "the allegations related to [Ohio Rev. Code § 3735.66 assist in clarifying the claims of Plaintiffs and serve as another basis for this Court to declare that the 2003 Ordinance is void."  (Doc. # 43, at 13-14.)  This characterization of the amended pleading suggests that Count Five simply presents an alternative theory targeting a declaratory judgment of invalidity.

A portion of the prayer for relief supports this reading.  The initial paragraphs of the prayer ask the Court to find that the ordinance and amendments creating the exemptions and abatements at issue are "unlawful, null and void."  (Doc. # 36-1, at 30-31.)  Unfortunately for the sake of clarity, however, the prayer also asks for a recovery related to Count Five "in a sum to be determined at trial."  (Doc. # 36-1, at 31.)

This Court is left with a potential quandary.  To the extent that the amended complaint could be read as asserting a private cause of action under § 3735.66, such a claim cannot exist

and would render Grove City's motion to dismiss Count Five well taken. The more plausible reading of the flawed pleading–that Count Five merely asserts a potentially redundant basis for a declarative judgment, with a curiously careless request for monetary relief in a sloppy prayer for relief–leads this Court to find the motion to dismiss as not well taken.

This conclusion is predicated on the Court's reading of Count Five as a claim for declaratory judgment based on Grove City's failure to adhere to requirements set forth in § 3735.66. If, however, Plaintiffs indeed intended for Count Five to present § 3735.66 as a private cause of action as opposed to merely a rationale for declaratory judgment, then Plaintiffs must file notice of that intent with this Court within eleven days from the date of journalization of this Opinion and Order. The Court would revisit this aspect of the motion to dismiss at that time.

### B. Public Records Act and Records Retention Schedule

Plaintiffs' amended complaint alleges that Defendants failed to comply with both Ohio's Public Records Act (by wrongfully withholding and failing to produce requested public records) and the Records Retention Schedule (by wrongfully destroying, removing, or transferring public records outside of its statutory approved schedule). (Doc. # 36-1 ¶¶ 169, 172). Because Plaintiffs join both theories together in one claim under Count Thirteen, this Court shall address the motion to dismiss Count Thirteen in two parts.

#### *1. Public Records Act*

The Ohio Public Records Act, Ohio Rev. Code § 149.43, allows public access to public records and is based on the "fundamental policy of promoting open government**,** not restricting it." *State ex rel. The Miami Student v. Miami Univ.,* 79 Ohio St. 3d 168, 171, 680 N.E.2d 956,

959 (1997). Enforcement of the Act via a mandamus action under § 149.43(B) is available "[i]f a person allegedly is aggrieved by the failure of a public office to promptly prepare a public record and make it available to the person for inspection." Ohio Rev. Code § 149.43(C). Grove City contends that Plaintiffs' claim under the Act is moot because Plaintiffs have received the documents they sought through other means.

The city is correct in asserting that provision of records requested in an § 149.43(C) mandamus action usually renders the mandamus claim moot. However, this case does not come within the ambit of the general rule as Plaintiffs contend because, necessarily accepting the factual allegations of the amended pleading as true, the Court recognizes that there are still some outstanding public record requests. There is also the potential for the recovery of attorney's fees related to Grove City's purported refusal to turn over requested documents.

### *2. Records Retention Schedule*

The Ohio Records Retention statute provides that "[a]ll records are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of . . . except as provided by law or under the rules adopted by the records commissions . . . or under the records programs established by the boards of trustees of state-supported institutions of higher education." Ohio Rev. Code § 149.351(A). The statutory scheme also provides that "[a]ny person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record . . . may commence . . . a civil action" for attorney's fees and for injunctive relief, the forfeiture of $1,000 for each violation, or both. Ohio Rev. Code § 149.351(B).

Grove City argues that Plaintiffs are not an aggrieved person within the scope of the statute because they have received requested documents from other sources or through discovery from this lawsuit. But as noted above, this Court must accept the factual contentions that Plaintiffs have not received the entirety of the items they requested from Grove City and that some of these items may have been destroyed. Because Plaintiffs therefore may prove that they do indeed fall within the "any person who is aggrieved" language of the statute, they also evade dismissal on this aspect of Count Thirteen.

### C. Open Meetings Act

Plaintiffs' amended complaint alleges in Count Fourteen that Defendants violated Ohio's Open Meetings Act by holding numerous meetings and communications that were not open to the public (Doc. 36-1 ¶ 176). The state "Sunshine Law," Ohio Rev. Code § 121.22, requires public officials who meet to consider official business do so in public. *State ex. rel. Cincinnati Post v. City of Cincinnati,* 76 Ohio St. 3d 540, 542, 668 N.E.2d 903, 905 (1996). The statutory scheme defines "meeting" as "any prearranged discussion of the public business of the public body by a majority of its members." Ohio Rev. Code § 121.22(B)(2). The statute also provides that "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." Ohio Rev. Code § 121.22(H).

Section 121.22(B)(2) does not require the taking of formal action in order to constitute a meeting, but that the public body must merely be discussing public business. *Holeski v. Lawrence,* 85 Ohio App. 3d 824, 829, 621 N.E.2d 802, 805 (Ohio 11th Dist. Ct. App. 1993). Section 121.22(H), however, further provides that in order to show a violation of the statute, a

party must demonstrate that some kind of resolution, rule, or formal action was adopted at a meeting that was not open to the public. *Id.* at 829, 621 N.E.2d at 805. The nature and purpose of § 121.22 supports the interpretation that the statute is intended to apply to those situations where there has been "formal deliberations concerning the public business." *Id.*

Although Ohio courts have recognized that information gathering and fact finding are essential functions of any governmental entity, the state courts have also found that the gathering of facts and information for ministerial purposes does not violate the Open Meetings Act. *Holeski*, 85 Ohio App. 3d at 829, 621 N.E.2d at 806. The Act is thus not intended to prevent members of a public body from being in the same room meeting with or having discussions with other persons who are not public officials, even if that interaction relates to the public business. *Id.* at 830, 621 N.E.2d at 806. Rather, the Act is intended to prohibit the majority of a public body from meeting and discussing public business with one another. *Id.*

Necessarily taking the allegations of the amended complaint as true, the Court is left with Grove City taking official action and conducting official business in meetings that were not open to the public. Regardless of whether the evidence will ultimately support such factual allegations, this Court cannot say based on the pleadings that it is clear that no relief could be granted under any set of facts that Plaintiffs could prove consistent with these allegations. The Court must therefore deny this aspect of Grove City's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.  (Doc. # 34.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE