UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARTI HOSPITALITY, LLC,**
**d/b/a HILTON GARDEN INN,**
**et al.**

       **Plaintiffs,**               Case No. 2:06-cv-886
                                            JUDGE GREGORY L. FROST
    **v.**                                Magistrate Judge Mark R. Abel

**CITY OF GROVE CITY, OHIO,**
**et al.**

       **Defendants.**

### OPINION AND ORDER

This matter is before the Court for consideration of a February 26, 2007 motion for judgment on the pleadings on Counts 1 through 5 filed by Defendants Drury Inns, Inc. and Bob Evans Farms, Inc. (Doc. # 45), Plaintiffs' memorandum in opposition (Doc. # 55), and Defendants's reply memorandum (Doc. # 62).  For the reasons that follow, this Court finds the motion well taken.

### I.  Background

Plaintiffs are a assembly of corporate entities doing business as various hotels and lodging establishments in and around Grove City, Ohio that have taken issue with Defendant Grove City's 2003 amendment of a 1986 ordinance that purported to expand the boundaries of a community reinvestment area ("CRA").  This CRA allowed Defendant Drury Inns, Inc. to enjoy a 15-year tax abatement related to the construction of a new $14 million hotel on property

purchased from Defendant Bob Evans, which also received an abatement for the construction of a new $2.5 million restaurant.

Asserting that they are at a competitive disadvantage, Plaintiffs contend that they are unable to take advantage of the abatement unless they undertake remodeling or construct new improvements upon their properties. Plaintiffs therefore filed an action against the previously identified defendants, as well as other defendants, in the Franklin County Court of Common Pleas on September 27, 2006. (Doc. # 2-3.) The majority of the defendants subsequently joined in the removal of the action to this Court on October 20, 2006. (Doc. # 2-1.)

On December 6, 2006, Plaintiffs filed a successful motion for leave to file an amended complaint. (Doc. # 29.) The pleading amendments essentially presented new claims against Defendant Grove City, which opposed the amendments and unsuccessfully sought their dismissal. (Docs. # 34, 58.) While Grove City's motion to dismiss was pending, Defendants Drury Inns, Inc. and Bob Evans Farms, Inc. ("Defendants") also filed a joint motion for judgment on the pleadings (Doc. # 45). The parties have completed briefing on the motion for judgment on the pleadings, which is ripe for disposition.

## II. Discussion

### A. Standards Involved

Citing a purported lack of standing, Defendants move to dismiss Counts One through Five of Plaintiffs' amendment complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c).[1]  Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff[s], accept all of the complaint's factual allegations as true, and determine whether plaintiff[s] undoubtedly can prove no set of facts in support of [their] claim[s] that would entitle [them] to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).  *See also Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).  The Court need not, however, accept as true legal conclusions or unwarranted factual inferences.  *Mixon*, 193 F.3d at 400.

Rule 12(b)(1) in turn enables Defendants to raise by motion the defense of "lack of jurisdiction over the subject matter."  The Sixth Circuit has explained that "where a defendant argues that the plaintiff has not alleged sufficient facts in [the] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true."  *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted).  For the purpose of determining whether to grant a motion to dismiss made pursuant to a claim of lack of jurisdiction, Plaintiffs

---

[1] The Sixth Circuit has explained that "a plaintiff's standing under Article III is a component of a federal court's subject matter jurisdiction." *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 232 (6th Cir. 2002) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

3

bear the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

### B. Analysis

Counts One through Five of the amended complaint present various theories under which Plaintiffs seek a declaratory judgment that the 2003 ordinance is void or invalid.[2] Defendants move for judgment on the pleadings on these counts on the grounds that Plaintiffs lack standing.

The Sixth Circuit Court of Appeals has recently explained again the threshold requirement of standing:

> [N]o plaintiff can litigate a case in federal court without establishing *constitutional* standing, which requires a showing that the plaintiff has suffered (1) an injury that is (2) "fairly traceable to the defendant's allegedly unlawful conduct" and that is (3) "likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). These three factors constitute "the irreducible constitutional minimum of standing." *Id.* To ignore these minimum requirements "would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of the concerned bystanders.' " *Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 473 (1982) (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)).

---

[2] The Court notes that there has been some prior debate as to the intent of Count Five. The count claims that the 2003 Ordinance is void because Grove City failed to comply with Ohio Rev. Code § 3735.66 and "other [Ohio Department of Development] filing and procedural requirements." (Doc # 36 ¶ 119.) In a prior Opinion and Order (Doc. # 58), the Court explained that, to the extent that the amended complaint could be read as asserting a private cause of action under § 3735.66, such a claim cannot exist. Thus, the Court charitably accorded the pleading the more plausible reading: that Count Five merely asserts a potentially redundant basis for a declarative judgment, with a curiously careless request for monetary relief in a sloppy prayer for relief. Because Plaintiffs did not file a required notice of a contrary intent to pursue a private cause of action under § 3735.66, the Court's understanding of the pleading stands.

*Prime Media, Inc. v. City of Brentwood*, No. 05-6343, ___ F.3d ___, 2007 WL 1324951, at *4 (6th Cir. May 8, 2007). *See also Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) ("to establish standing to bring suit, a plaintiff must show that (1) he or she has 'suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision' " (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000))).  Thus, the appellate court concluded, "the constitutional standing requirement of a 'distinct and palpable injury that is likely to be redressed if the requested relief is granted . . . states a limitation on judicial power, not merely a factor to be balanced in the weighing of so-called 'prudential' considerations.' " *Prime Media, Inc.*, 2007 WL 1324951, at *4 (quoting *Valley Forge Christian Coll.*, 454 U.S. at 475).

Ohio's standing requirement echoes this concern with a distinct and palpable injury in fact.  State law provides:

> In order to obtain declaratory relief, [a] plaintiff must establish (1) that a real controversy exists between the parties, (2) that the controversy is justiciable, and (3) that speedy relief is necessary to preserve the rights of the parties. . . . Inherent in these requirements is the principle that Ohio courts do not render advisory opinions.

*R.A.S. Entertainment, Inc. v. Cleveland*, 130 Ohio App.3d 125, 128, 719 N.E.2d 641, 643-44 (1998) (citing *Burger Brewing Co. v. Ohio Liquor Control Comm'n*, 34 Ohio St.2d 93, 296 N.E.2d 261, (1973); *Haig v. Ohio State Bd. of Educ.*, 62 Ohio St.3d 507, 584 N.E.2d 704; *Egan v. Nat'l Distillers & Chem Corp.*, 25 Ohio St.3d 176, 495 N.E.2d 904 (1986)).  These

requirements mandate that application of an ordinance at the heart of a declaratory judgment action would impose a hardship on the party seeking the declaration. *Burger Brewing Co.*, 34 Ohio St.2d at 97-8, 296 N.E.2d at 264-65. In other words, "the issue of standing depends upon whether the challenging party can demonstrate that he 'has suffered or will suffer a specific injury, that the injury is traceable to the challenged action, and that it is likely that the injury will be redressed by a favorable decision.' " *Board of Trs. of Sylvania Twp. v. Bd. of Comm'rs of Lucas County*, No. L-01-1447, 2002 WL 1729895, at *3 (Ohio App. 6th Dist. July 26, 2002) (quoting *Wilmington City Sch. Dist. Bd. of Educ. v. Bd. of Comm'rs of Clinton Co.*, 141 Ohio App.3d 232, 238, 750 N.E.2d 1141, 1146 (Ohio App. 12th Dist. 2000)).

Plaintiffs argue that they have standing via Ohio Rev. Code § 2721.03, which provides in relevant part:

> [A]ny person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

Ohio Rev. Code § 2721.03. But as Defendants correctly note, the statute does not confer standing, however, because § 2721.03 simply "represent[s] [a] legislative grant[] of jurisdiction to Ohio courts under certain circumstances to hear and decide declaratory judgment actions. That declaratory relief is an available remedy is a separate question from one's standing to file such an action." *Holcomb v. Schlichter*, 34 Ohio App.3d 161, 164, 517 N.E.2d 1001, 1004-05 (Ohio App. 12th Dist. 1986). The statute itself is simply a mechanism through which an appropriate plaintiff may proceed, but the statute does not create the appropriate plaintiff. *See*

*Walgash v. Bd. of Trs. of Monclova Twp., Lucas County*, No. L-80-105, 1981 WL 5518, at *4 (Ohio App. 6th Dist. Mar. 20, 1981) ("While R.C. 2721.03 creates the right to bring a declaratory judgment action to determine the validity of an ordinance, the requirements of justicibility, including standing and ripeness, must still be met before a court can entertain the action."). Plaintiffs must possess standing to proceed under the declaratory judgment statute.

Defendants posit that Plaintiffs lack standing because the only alleged injury upon which Plaintiffs rely–that the tax abatement provides Drury Inns with a grossly unfair competitive advantage in the Grove City hotel market–is insufficient as a matter of law. To support this proposition, Defendants direct this Court to cases from various states, including two Ohio zoning cases, *Jenkins v. City of Gallipolis*, 135 Ohio App.3d 611, 735 N.E.2d 44 (Ohio App. 4th Dist. 1999), and *American Aggregates Corp. v. City of Columbus*, 66 Ohio App.3d 318, 584 N.E.2d 26 (Ohio App. 10th Dist. 1990).

In *Jenkins*, the Ohio Fourth District Court of Appeals addressed a trial court's determination that a plaintiff lacked standing to prosecute an administrative appeal contesting the grant of a conditional use permit to build a Wal-Mart store. The plaintiff held an ownership interest in land near where the store was to be constructed and complained that construction of the Wal-Mart would harm his commercial interests in the area. The state appellate court held that the trial court had not abused its discretion in concluding that the plaintiff had failed to prove an injury, much less a unique injury. In fact, the appellate court noted, there had been credited expert appraiser testimony that traffic increases resulting from the Wal-Mart construction would actually *benefit* the neighborhood and, by extension, the plaintiff's business interests. Thus, finding no abuse of discretion, the court of appeals affirmed the trial court's

dismissal for want of standing based on the lack of an actual injury. 135 Ohio App.3d at 614-15, 735 N.E.2d at 47-8.

The Ohio Tenth District Court of Appeals had similarly focused on the injury requirement nine years earlier in *American Aggregates*. That case also involved a trial court's dismissal for lack of standing of an administrative appeal from a zoning decision. A property owner had contested a zoning variance granted to a competitor related to adjacent but not contiguous land. The case turned on whether the plaintiff was a directly affected person or an aggrieved party who could bring an administrative appeal under Ohio Rev. Code Chapter 2506. The state appeals court explained the nature of this inquiry:

> [P]ersons owning property contiguous to the proposed use are within the class of persons directly affected by the administrative decision. . . . Where a person appealing from an administrative decision is a contiguous property owner, that fact alone may be sufficient to confer standing. On the other hand, if the person appealing from the order owns no property or property very remote from the subject of the order, that fact alone may be sufficient to deny standing. The facts of this case are between the two extremes. Hence, the court must look beyond physical proximity to determine if the order constitutes a determination of the rights, duties, privileges, benefits or legal relationships of a specified person.

*Am. Aggregates Corp.*, 66 Ohio App.3d at 322, 584 N.E.2d at 28-9. The court reasoned that standing is limited "to those whose 'rights, duties, privileges, benefits or legal relationships' are adversely affected" and that mere increased business competition was an improper basis to confer standing. *Id.*, 584 N.E.2d at 29 (quoting Ohio Rev. Code § 2506.01).

*Jenkins* and *American Aggregates* thus teach that actual injury is a fundamental requirement for standing under Ohio law and that an increase in competition in and of itself does not constitute injury conferring standing. The latter portion of that proposition is notable in light

8

of the Supreme Court of Ohio's decision in *Midwest Fireworks Mfg. Co. Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 743 N.E.2d 894 (2001). In *Midwest Fireworks*, the state supreme court held that the owner of a property located across a highway from a company that had obtained a zoning certificate enabling the company to reconstruct a fireworks factory had standing to appeal the certificate issuance.[3] The court's decision targeted the fact that the inherent risks of a fireworks factory created a real and serious threat to person and property,[4] which meant that the property owner was an aggrieved person under Ohio Rev. Code § 519.15 and could appeal the granting of the building certificate. Importantly, the *Midwest Fireworks* majority emphasized that "a future, contingent, or speculative interest is not sufficient to confer standing to appeal." *Id.* at 177, 743 N.E.2d at 897.

---

[3] The majority in *Midwest Fireworks* describes the appealing party as "a taxpayer and property owner who lives immediately adjacent to the fireworks factory, separated only by a two-lane road." *Midwest Fireworks Mfg. Co.*, 91 Ohio St.3d at 178, 743 N.E.2d at 898.

[4] The *Midwest Fireworks* majority characterizes the threat as follows: "With the manufacture of fireworks, requiring the use and handling of explosive materials, the risk of catastrophic explosion exists at all times. In addition, fireworks explosions have the potential to propel ignited materials directly onto [the appellant's] property, thereby spreading the risk of fire. This creates a real and serious threat to persons or property." *Midwest Fireworks Mfg. Co.*, 91 Ohio St.3d at 179, 743 N.E.2d at 898. The dissent in *Midwest Fireworks* dismisses this rationale as insufficient speculation about a future threat that cannot confer standing and notes that the "application for a zoning certificate expressly stated that the proposed building would be used as *garage storage for company vehicles* and not for fireworks manufacturing or storage. Although the majority emphasizes the 'risk of catastrophic explosion' related to fireworks manufacturing, the zoning application on its face suggests a significantly diminished threat of this type of harm." *Midwest Fireworks Mfg. Co.*, 91 Ohio St.3d 174, 181, 743 N.E.2d 894, 900 (Cook, J., dissenting). Although the apparent grounds for the recognized threat are therefore curious, what is important to today's decision is that a majority of the state justices recognized a threat to the complaining party's person and property.

The Ohio Second District Court of Appeals subsequently explained that "[a]lthough . . . *Midwest Fireworks* concerned an administrative appeal as opposed to a declaratory judgment action, either procedural vehicle is an appropriate means to challenge a zoning resolution." *Joseph Airport Toyota, Inc. v. City of Vandalia*, No. 18904, 2002 WL 313158, at *2 (Ohio App. 2d Dist. Mar. 1, 2002). Thus, the intermediate appellate court reasoned, *Midwest Fireworks* supported a plaintiff's standing to assert a declaratory judgment action challenging a zoning decision when "the plaintiff has alleged that its property rights would be adversely affected by the ordinance in question." *Id.* That court accepted a plaintiff's allegation that re-zoning reduced the value of his property as sufficient to confer standing.

The foregoing cases suggest that although Ohio law enables an aggrieved party to pursue a declaratory judgment action challenging a zoning decision (and by analogy a tax abatement decision), a mere allegation of increased competition does not constitute the adverse effect on personal, pecuniary, or property rights needed to confer sufficient standing. This is important because Plaintiffs are thus incorrect in asserting as a ground for standing that the tax abatement will cause them harm by affording Drury Inns[5] a competitive advantage–in Plaintiffs' own words, they "have a concrete and particularized injury by Defendant Grove City granting to Defendants a potentially invalid abatement in the community reinvestment area where Plaintiffs' properties are located." (Doc. # 55, at 6.)

Because increased competition does not confer standing, Plaintiffs lack the ability to attack the abatements granted to Defendants by attacking the enacting ordinance. This is not a

---

[5] It is wholly unclear how the fact that the abatement encompasses Bob Evans impacts Plaintiffs.

case such as *Wilmington City School District Board of Education*, cited above, where the party challenging the validity of a tax exemption within a CRA had suffered an injury. The plaintiff in *Wilmington* was the school board, a tax revenue recipient that sought a declaration that a tax abatement was invalid–an abatement that kept potential funds from the school board–and sought an order that the "lost" value be added to the tax rolls. 141 Ohio App.3d at 236, 750 N.E.2d at 1144. In contrast, Plaintiffs here seek to attack an ordinance (and its consequent abatements) despite the fact that they suffer no comparable injury in fact. The *Wilmington* plaintiff had a personal stake in that exemption–a statutory right to comment on the exemption application and an injury involving lost monies–while Plaintiffs here do not have a personal stake in the abatements granted to Defendants Drury Inns and Bob Evans.[6]

Plaintiffs assert in their memorandum in opposition that their interests extend beyond simply complaining about competitive advantages or disadvantages. (Doc. # 55, at 6.) Although a perceived or real disadvantage may indeed be the ultimate driving force behind Plaintiffs' pursuit of this action, speculation as to what motivates them most is not dispositive. What matters is whether other interests separate from competitive advantage exist that are sufficient to confer standing. Plaintiffs insist that they have supplied such sufficient interests by pleading that Plaintiffs' hotels are all located within the tax abatement area and they can only take advantage of the 2003 ordinance tax benefits if they remodel or construct new improvements on their

---

[6] A right to be heard was also involved in *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 639 N.E.2d 126 (Ohio App. 6th Dist. 1994). There, while the plaintiff argued that an ordinance was invalid for failure to follow various requirements, the plaintiff *also* presented evidence that the effect of the ordinance would be to lower the plaintiff's property values. *Id.* at 514-15, 639 N.E.2d at 131. Plaintiffs have failed to meet this burden in the instant case.

property.  (Doc. # 36 ¶ 27.)  As described by Plaintiffs, they have an interest in knowing "whether or not their properties are located within a valid CRA" in order to "obtain a determination as to whether any future improvements by Plaintiffs will receive a tax abatement." (Doc. # 55, at 6.)

There is no basis in the record before this Court, however, to conclude that Plaintiffs are even considering any future improvement(s) that would potentially fall within the abatements. Rather, their bald assertion of this interest is based on a hypothetical scenario.  Such speculation is insufficient to constitute a concrete and particularized injury that is actual or imminent and not merely conjectural or hypothetical.  In short, *nothing has happened to Plaintiffs at this point in time*, and there is nothing before this Court indicating that any sort of injury *is about to happen* or *is likely to happen at any indeterminate point in the future* that the relief they seek could redress.

In reaching this conclusion, the Court recognizes the dual nature of Plaintiffs' argument. Plaintiffs specifically assert that they are "not challenging the Ordinance because it will *encourage* business competition.  Plaintiffs are challenging the Ordinance because it violates Ohio law."  (Doc. # 55, at 8.)  But the injury to which Plaintiffs then point is not that they are under an illegal regime, but that Drury Inns and Bob Evans received allegedly invalid abatements.  Plaintiffs ask this Court to determine the validity of the ordinance, whether any hypothetical improvements they might make would receive an abatement, *and* "whether Defendants should receive an abatement."  (Doc. # 55, at 10.)  A rose by any other name is still a rose, and complaining about competition is complaining about competition no matter how it is semantically dressed up.

12

Moreover, if Plaintiffs are not concerned with competitive advantages but only with how the (potentially invalid) abatement would affect their hypothetical remodeling or new construction, then the Court is confused. Plaintiffs are not seeking an affirmative declaration of their ability to obtain an abatement;[7] rather, they are seeking a declaration that would invalidate the abatement scheme and foreclose their right to the benefit it provides. But application of the abatement to Plaintiffs would benefit them just as the zoning decision in *Jenkins* benefitted that complainant. The Court therefore cannot identify any rights of Plaintiffs that may be lost or impaired in the absence of declaratory judgment.[8] *See Stacy v. Gains*, No. 03 MA 193, 2004 WL 3090231, at *3 (Ohio App. 7th. Dist. Dec. 29, 2004) (quoting *Halley v. Ohio Co.*, 107 Ohio App.3d 518, 524, 669 N.E.2d 70, 74 (Ohio App. 8th Dist. 1995)). Because there is no injury derived from a benefit, it is thus not apparent how standing can exist. *See Peltz v. City of S.*

---

[7] It is likely that Plaintiffs would possess standing if they were seeking to procure a declaration of the ordinance's validity related to their right to an abatement for new improvements or construction, because Ohio law recognizes the right to affirmative declaratory relief. *See Pack v. City of Cleveland*, 1 Ohio St.3d 129, 131, 438 N.E.2d 434, 437 (1982) ("Where a complainant asserts the validity of a law in a declaratory judgment proceeding and shows that he is affected by, or materially interested in, a statute or ordinance, and that he has a justiciable cause concerning such law, the litigant's standing may be established. A justiciable cause may be shown in these instances by the relationship of the parties concerned with the application of the law, and there need not be an actual controversy or violation of the ordinance to give one standing."). *See also Ohio State Pharm. Ass'n v. Wickham*, 61 Ohio App.3d 488, 494, 573 N.E.2d 148, 152 (Ohio App. 10th Dist. 1989) ("Where, as here, a complainant requests a declaration that a statute is *valid,* standing may be established by showing that the complaining party is affected by or materially interested in the contested statute or ordinance and that a justiciable controversy is extant.").

[8] There is no allegation that Defendants' abatements adversely affect Plaintiffs' property values, which would create standing. *See Athens Metro. Hous. Auth. v. Pierson*, Nos. 01CA28 & 01CA29, 2002 WL 851767, at *5 (Ohio App. 4th Dist. Mar. 12, 2002) (accepting adverse property value impact as one of multiple grounds creating standing); *Joseph Airport Toyota, Inc.*, 2002 WL 313158, at *2 (applying same property value rationale).

13

*Euclid*, 11 Ohio St.2d 128, 131, 228 N.E.2d 320, 323 (1967) (finding that an actual controversy creating standing existed where the potential application of an ordinance to considered but not undertaken conduct would have disadvantaged a plaintiff); *Stacy*, 2004 WL 3090231, at *4-6 (holding that the absence of an injury precluded standing to assert a declaratory judgment action); *Board of Trs. of Sylvania Twp.*, 2002 WL 1729895, at *3 (finding that standing existed because adverse impact on the plaintiff existed).

Finally, Plaintiffs argue that they have standing by virtue of the fact that they are taxpayers. In limited circumstances, Ohio law indeed affords taxpayers standing, as the Ohio Fifth District Court of Appeals has recently explained:

> Standing can be acquired by one's status as a taxpayer and conferred by statute. *State, ex rel. Dann v. Taft,* 110 Ohio St.3d 252, 254, 2006-Ohio-3677. The Ohio Supreme Court has defined "taxpayer" as "any person who, in a private capacity as a citizen, elector, freeholder or taxpayer, volunteers to enforce a right of action on behalf of and for the benefit of the public." *State ex rel. Nimon v. Springdale* (1966), 6 Ohio St.2d 1, 215 N.E.2d 592, paragraph two of syllabus. A taxpayer action may be maintained by a party in a private capacity to enforce the right of the public to the performance of a public duty. *State ex rel. Nimon v. Springdale,* 6 Ohio St.2d at 4.

*State ex rel. Sautter v. Hon. Lawrence Grey*, No. 06-CA-6, 2007 WL 1151878, at *4 (Ohio App. 5th Dist. Apr. 18, 2007). Notably, there must be a statutory conferral of standing, such as the Ohio Rev. Code § 309.13 provision enabling a taxpayer who has satisfied various threshold conditions to pursue an action that could have been brought by a prosecuting attorney.[9] *Id.*

---

[9] The *Sautter* court explained:

> Statutorily, R.C. 309.12 confers authority on the county prosecutor to bring suit on behalf of the public to prevent the execution of a contract entered in contravention of the law. Additionally, pursuant to R.C. 309.13, a taxpayer has

14

Plaintiffs are arguably less than clear in identifying the interest they seek to protect as taxpayers bringing a declaratory judgment action. They state that they "are not challenging the expenditure of public funds" but that they "are challenging the validity of the Ordinance under Ohio law." (Doc. # 55, at 8-9.) Plaintiffs also assert that their own property rights are in jeopardy, but they do not adequately identify and explain those rights. (Doc. # 55, at 9.) Plaintiffs' conclusory arguments do not persuade this Court. Both Plaintiffs' pleading and briefing leave the Court with the impermissible task of having to speculate as to what property interests and harms Plaintiffs *might* mean to invoke. This lack of clarity is perhaps strategically intentional and perhaps inadvertent. In any event, it fails to convince this Court that Plaintiffs have met their burden of proving standing as taxpayers.

### III. Conclusion

---

    standing to pursue the same action when the taxpayer's aim is to benefit the county public as if the suit had been brought by the prosecuting attorney. However, pursuant to R.C. 309.13, standing is not conferred until the taxpayer shows that the prosecuting attorney has been contacted in writing, has been requested to act on the public's behalf, and has failed to act. These threshold requirements may be deemed waived if the circumstances indicate that it would have been "unavailing" or "futile" for the taxpayer to have made the initial request of the prosecutor. See, *State ex rel. White v. City of Cleveland* (1973), 34 Ohio St.2d 37, 295 N.E.2d 665, *State ex rel. Nimon v. Springdale, supra,* and, *Int'l Assoc. of Firefighter Local No. 136 v. City of Dayton,* 157 Ohio App.3d 236, 2004-Ohio-2728, 810 N.E.2d 457.

*State ex rel. Sautter*, 2007 WL 1151878, at *4. The record here fails to reflect such satisfaction of threshold conditions in that there is no indication that Plaintiffs presented a written request to the city attorney to file an action seeking to enjoin the alleged abuse of corporate powers and that the city attorney declined to file such action. *See Westgate Shopping Vill.*, 93 Ohio App.3d at 516, 639 N.E.2d at 132 (explaining taxpayer standing requirements).

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings.  (Doc. # 45.)  Consequently, the Court additionally **DISMISSES** Counts One through Five against the remaining defendants.  *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  *See also Thomas v. Better Bus. Bureau of the Mid-South,* 79 F. App'x 748, 748 (6th Cir. 2003) (construing Fed. R. Civ. P. 12(h)(3)); *cf. Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) ("Where a complaint is totally devoid of merit and the district court has determined that it lacks subject matter jurisdiction over the action, the court may dismiss a fee-paid complaint without giving the plaintiff an opportunity to amend the complaint.").  Plaintiffs' other claims remain pending.

    **IT IS SO ORDERED**.

                                         /s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE